IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT EDWIN JACOBSEN, | § | CASE NO. 07-41092 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| _____ | § | |
| ALISE MALIKYAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CHRISTOPHER MOSER, | § | ADVERSARY NO. 10-04253 |
| | § | |
| Defendant. | § | |

## MOTION TO DISMISS

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES, U. S. BANKRUPTCY JUDGE:**

Christopher J. Moser ("Trustee"), the duly appointed and acting Chapter 7 Trustee for the Bankruptcy Estate of Robert Edwin Jacobsen ("Debtor") and the Defendant in the above-captioned adversary proceeding filed by Plaintiff Alise Malikyar ("Plaintiff"), files his Motion to Dismiss ("Motion") as follows:

## FACTS

1. On May 25, 2007, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. On December 2, 2007, the case was converted to Chapter 7.

3. Christopher J. Moser is duly appointed and acting Trustee of Debtor's Chapter 7 bankruptcy estate.

4. Without seeking leave of the bankruptcy court, Debtor's wife, Plaintiff Alise Malikyar, filed suit against Trustee in the Superior Court of the State of California, County of Contra Costa, in a case styled *Alise Malikyar v. Christopher Moser et al.*, Case No. C10-00940 (the "State Court Action") alleging improper treatment of her separate property as property of the bankruptcy estate and asserting causes of action against Trustee for negligence, intentional tort, and fraud.

5. On May 7, 2010, Trustee removed the State Court Action to the United States Bankruptcy Court for the Northern District of California (the "California Bankruptcy Court"). Shortly thereafter, on May 17, 2010, Plaintiff filed a motion to remand the suit back to California State court.

6. On June 21, 2010, the California Bankruptcy Court issued a Memorandum Opinion wherein the Court denied Plaintiff's motion for remand and transferred the State Court Action to this Court. A true and correct copy of the Memorandum Opinion is attached hereto as **Exhibit "A".**

7. The gist of the Memorandum Opinion is that the Malikyar lawsuit (the State Court Action) lacked subject matter jurisdiction since Malikyar violated the *Barton Doctrine* by failing to first obtain leave of the Texas bankruptcy court before initiating an action in another forum against a bankruptcy trustee. *See Barton v. Barbour,* 104 U.S. 126, 136-37 (1881).

8. This Court received the transferred adversary proceeding on December 8, 2010.

## ARGUMENT

*9.* Trustee moves for the immediate dismissal, with prejudice, of the above-captioned matter for the reason that this court lacks subject matter jurisdiction under the *Barton* doctrine, and the Trustee is entitled to derived judicial immunity.

*10.* Dismissal is required in the first instance, under Federal Rule of Civil Procedure 12(b)(1), because this Court lacks of subject matter jurisdiction over the above-captioned matter. Subject matter jurisdiction is lacking due to Plaintiff's failure to seek leave of the court which appointed Trustee (this Court) prior to bringing suit as required under the longstanding federal common-law jurisdictional doctrine known as the *Barton* Doctrine. *Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881).[1]

*11.* As the record shows, Plaintiff originally brought suit against Trustee in California State court. The suit was subsequently removed to the United States Bankruptcy Court for the Northern District of California, and eventually transferred to this Court. The record also demonstrates that Plaintiff never sought to obtain leave of this Court (*i.e.*, the appointing court) prior to filing suit against Trustee. Under *Barton*, Plaintiff's failure to obtain such leave is fatal to her action against Trustee and requires the immediate dismissal of Plaintiff's suit on subject-matter jurisdiction grounds. *Id.*[2] Accordingly, Trustee respectfully requests that this Court immediately dismiss the above-captioned suit pursuant to Fed. R. Civ. P. 12(b)(1), due to its lack of subject matter jurisdiction.

---

[1] In *Barton*, the United States Supreme Court held that in order to sue a court-appointed receiver, the petitioning party must first seek leave of the court that issued the receiver's appointment. The Court explained that without leave of the appointing court, the forum in which the receiver was sued lacked subject matter jurisdiction over the action.

[2] While *Barton* involved a state-court receivership action, it is well-settled law that its protections apply with equal force to bankruptcy trustees. *See e.g., In re Coastal Plains, Inc.,* 326 B.R. 102, 111 (Bankr. N.D. Tex. 2005); *In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998); *Muratore v. Darr*, 375 F.3d 140 (1st Cir. 2004); *In re Castillo*, 297 F.3d 940 (9th Cir. 2002); *Vass v. Connor Bros. Co.*, 59 F.2d 969 (2nd Cir. 1932); *Carter v. Rogers*, 220 F.3d 1249 (11th Cir. 2000); *In re DeLoreon Motor Co.*, 991 F.2d 1236 (6th Cir. 1993).

*12*. Even if this Court had subject matter jurisdiction over the above-captioned matter (which it does not), dismissal would nevertheless still be required in light of the fact that Plaintiff's claims are barred by Trustee's derived judicial immunity. Fifth Circuit law specifically requires that, as an "arm" of the bankruptcy court, a court-appointed bankruptcy trustee be given derived judicial immunity from any and all actions asserted against him/her which are grounded in his/her official conduct as trustee of the bankruptcy estate. *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981); *see also Clements v. Barnes*, 834 S.W.2d 45, 46 (Tex. 1992). In the instant case, Plaintiff has asserted claims against Trustee arising from Trustee's alleged improper treatment of Plaintiff's separate property in his administration of her Debtor husband's bankruptcy estate. Therefore, each of Plaintiff's claims rest upon allegedly wrongful actions taken by Trustee in his official administration of Debtor's bankruptcy estate. All action taken by Trustee in administering Debtor's bankruptcy estate is within the scope of the authority granted to him under the U.S. Bankruptcy Code and pursuant to this Court's supervision, authorization and order. As a result, Trustee enjoys absolute derived judicial immunity from each and every claim asserted in the above-captioned suit. Thus, Trustee's derived judicial immunity bars Plaintiff's claims and provides the Court with additional compelling grounds for granting Trustee's Motion to Dismiss.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that this Court grant Trustee's Motion to Dismiss, issue an order dismissing the above-captioned adversary proceeding with prejudice, and grant the Trustee such other and further relief, at law or in equity, to which the Trustee may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

By: */s/ Christopher J. Moser*
   State Bar No. 14572500

ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Motion has been served via first class mail, postage prepaid, on this 16th day of December, 2010, upon the following:

Office of the U.S. Trustee
110 N. College Ave. Suite 300
Tyler, Texas 75702

Alise Malikyar
Robert Edwin Jacobsen
P.O. Box 1386
Lafayette, CA 94549


*/s/ Christopher J. Moser*