Alise Malikyar
P.O. Box 1386
Lafayette, CA 94549
Fax : 925 476-0200
Voice : 925 899-9890
Haena2@aol.com
Pro per



## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| ALISE MALIKYAR  Plaintiff, v. CHRISTOPHER MOSER  Defendant. | **Bankruptcy case 07-41092** **Adversary 10-04253** **MOTION FOR RECONSIDERATION RE ORDER DISMISSING ACTION AND/OR FOR LEAVE TO FILE AMENDED COMPLAINT** |

To the Honorable Brenda Rhoades,

Alise Malikyar ("Plaintiff") respectively requests the Court to reconsider it's order to dismiss this case and/or for Leave to File an Amended Complaint against Trustee Christopher Moser ("Defendant") for the following reasons:

1. April 7, 2010 this suit was filed. April 13, 2010 the complaint was served on Defendant. May 17, 2010 Defendant had not answered the complaint. Defendant has 30 days to answer per both California Rules of Civil Procedure as well as FRCP. A Request to Enter Default per F.R.C.P 55(a) and 81(c)(2)

was filed. No additional motions can be filed in this case by Defendant until first the Default is set aside. See docket entry #6

2. Alise Malikyar never received a copy of the Motion to Dismiss. The Certificate of Service is flawed in that it was not mailed (served) by a disinterested party. It shows to have been mailed by the Defendant with no original signature and no address of the person certifying the mailing. The service is flawed.

3. The Trustee is an independent contractor of the U.S. Justice Department, U.S. Trustee's Office. The Trustee is not an employee of the U.S. Justice Department and therefore does not enjoy immunity from liability for his actions.

4. The Trustee is required to have a bond. If the Trustee had immunity, why would he be required to have a bond? The reason is because he does have liability.

5. The Trustee is required to have Errors and Emissions insurance. This is because he does not enjoy immunity.

6. Alise Malikyar ("Malikyar") is not part of the Jacobsen bankruptcy. The Trustee's actions of not making the mortgage payments with rents received from the tenants caused damage to an outside party to the bankruptcy, Malikyar. The Trustee <u>does not</u> have immunity and is therefore responsible for his actions when he damages an outside party. In this case, the Trustee violated the law as described in 11 USC 363 when he failed to protect the assets of the estate. If the Trustee had made the mortgage payments on the properties he had under his control, Plaintiff's credit would not have been

wrecked. The loans on these properties were all in Plaintiff's name solely. Furthermore, Plaintiff is not a party to the Jacobsen bankruptcy.

7. The dismissal of this case, with prejustice without the Plaintiff's ability to have her arguments heard in open court, violates her Constitutional rights as outlined in the 5th Amendment.

8. A dismissal on the pleadings such as this should contain the right to amend to correct for deficiencies.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully request that the Court grant her Motion to Reconsider and Order that the Order to Dismiss be Vacated and/or For Leave to File Amended Complaint and further requests that the Court grant her such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: January 12, 2011

_____ 1/12/11
Alise Malikyar          date

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2011, he served a true and correct copy of the MOTION FOR RECONSIDERATION RE ORDER DISMISSING ACTION AND/OR FOR LEAVE TO FILE AMENDED COMPLAINT
was mailed by First Class United States mail, correct postage prepaid, upon the following parties:

_____ 1/12/2011
Osman Malikyar

Christopher Moser
2001 Bryan Street, Suite 1800
Dallas TX 75201

Office of the US Trustee
110 N. College Ave, Suite 300
Tyler, TX 75702