IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT EDWIN JACOBSEN, | § | CASE NO. 07-41092 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| _____ | § | |
| ALISE MALIKYAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CHRISTOPHER MOSER, | § | ADVERSARY NO. 10-04253 |
| | § | |
| Defendant. | § | |

## OBJECTION TO MOTION FOR RECONSIDERATION

**TO THE HONORABLE BRENDA T. RHOADES, U. S. BANKRUPTCY JUDGE:**

Christopher J. Moser ("Trustee"), the duly appointed and acting Chapter 7 Trustee for the Bankruptcy Estate of Robert Edwin Jacobsen ("Debtor") and the Defendant in the above-captioned adversary proceeding filed by Plaintiff Alise Malikyar ("Plaintiff"), files his Objection to Motion for Reconsideration ("Motion") as follows:

**Facts**

1. On May 25, 2007, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. On December 2, 2007, the case was converted to Chapter 7.

3. Christopher J. Moser is duly appointed and acting Trustee of Debtor's Chapter 7 bankruptcy estate.

4. Without seeking leave of the bankruptcy court, Debtor's wife, Plaintiff Alise Malikyar, filed suit against Trustee in the Superior Court of the State of California, County of Contra

Costa, in a case styled *Alise Malikyar v. Christopher Moser et al.*, Case No. C10-00940 (the "State Court Action") alleging improper treatment of her separate property as property of the bankruptcy estate and asserting causes of action against Trustee for negligence, intentional tort, and fraud.

5. On May 7, 2010, Trustee removed the State Court Action to the United States Bankruptcy Court for the Northern District of California (the "California Bankruptcy Court"). Shortly thereafter, on May 17, 2010, Plaintiff filed a motion to remand the suit back to California State court.

6. On June 21, 2010, the California Bankruptcy Court issued a Memorandum Opinion wherein the Court denied Plaintiff's motion for remand and transferred the State Court Action to this Court. A true and correct copy of the Memorandum Opinion is attached hereto as **Exhibit "A"**.

7. The gist of the Memorandum Opinion is that the Malikyar lawsuit (the State Court Action) lacked subject matter jurisdiction since Malikyar violated the *Barton Doctrine* by failing to first obtain leave of the Texas bankruptcy court before initiating an action in another forum against a bankruptcy trustee. *See Barton v. Barbour,* 104 U.S. 126, 136-37 (1881).

8. On December 8, 2010, the adversary proceeding was transferred to this Court.

9. On December 16, 2010, Trustee filed his Motion to Dismiss wherein he sought to dismiss the above referenced adversary proceeding for, among other things, lack of subject matter jurisdiction.

10. On January 3, 2011, this Court entered its Order Granting Motion to Dismiss ("Order").

11. On January 13, 2011, Plaintiff filed her Motion for Reconsideration re Order Dismissing Action and/or for Leave to File Amended Complaint ("Motion for Reconsideration").

## Argument

12. The Motion for Reconsideration fails to address the issue of lack of subject matter jurisdiction. The California bankruptcy court, before transferring the adversary proceeding to this court, made a specific finding that no subject matter jurisdiction exists to prosecute the claim.

13. A federal court, including a bankruptcy court, is a court of limited jurisdiction. It must dismiss a case when it finds a lack of subject matter jurisdiction. *Clark v. Paul Gray, Inc.,* 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed.1001 (1938).

14. The Motion for Reconsideration is seeking reconsideration of a matter in which the bankruptcy court lacks subject matter jurisdiction and must be denied on that basis.

15. The Motion to Dismiss was properly served by Defendant. There is no requirement that the certificate of service be mailed by a disinterested person as Plaintiff alleges.

16. The Motion to Reconsider is meritless and should be denied for various reasons including, lack of subject matter jurisdiction.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that this Court deny the Motion and that Trustee be granted such other and further relief, at law or in equity, to which the Trustee may be justly entitled.

    Respectfully submitted,

    QUILLING, SELANDER, LOWNDS,
      WINSLETT & MOSER, P.C.
    2001 Bryan Street, Suite 1800
    Dallas, Texas 75201-4240
    Telephone: (214) 871-2100
    Facsimile: (214) 871-2111

    By: */s/ Christopher J. Moser*
      State Bar No. 14572500

    ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served via first class mail, postage prepaid, on this 17th day of January, 2011, upon the following:

Office of the U.S. Trustee
110 N. College Ave. Suite 300
Tyler, Texas 75702

Alise Malikyar
Robert Edwin Jacobsen
P.O. Box 1386
Lafayette, CA 94549

*/s/ Christopher J. Moser*